UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NELSON A. LOPEZ,

     Petitioner,

v.                              Case No.:  2:22-cv-717-SPC-KCD

FLORIDA DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## OPINION AND ORDER

Before the Court is Petitioner Nelson A. Lopez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Lopez challenges a state conviction for manslaughter with a firearm.

### Background

On March 20, 2014, Lopez and Quayshon Madison arranged to purchase marijuana from Martin Plummer.  Lopez and Madison arrived at Plummer's house, where Plummer's nephew, John Newcomb, was also present.  Plummer had a gun and a bowl of marijuana on a table.  Lopez and Madison asked to buy the gun, but Plummer refused to sell it.  When Plummer briefly left the room, Lopez grabbed the gun and marijuana and ran for the door.  But the door was locked, and Lopez and Madison were unable to open it.  Newcomb yelled for Plummer, who returned and tried to stop Lopez and Madison from leaving.

During the struggle, the gun in Lopez's hand went off, and Plummer was fatally shot in the neck.

The State of Florida charged Lopez with second degree murder with a firearm, attempt to purchase cannabis, and grand theft of a firearm. Attorney Nariv Jamindar represented Lopez at trial. After the Stated rested its case, Jamindar moved for a judgment of acquittal on the second-degree murder charge. The trial court granted the motion but stated it would instruct the jury on third-degree murder or manslaughter. The parties and the court ultimately agreed a manslaughter instruction was appropriate, but not a third-degree murder instruction. The jury found Lopez guilty of attempted purchase of cannabis, manslaughter with a firearm, and grand theft of a firearm. Lopez's appeal and state collateral attacks were unsuccessful, and he timely filed the habeas petition currently before this Court.

### Applicable Habeas Law

**A. AEPDA**

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. White, 134 S. Ct. at 1702; Casey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law.  28 U.S.C. § 2254(d)(1).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively

unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).

When reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

**B. Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief

available under state law.  Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).  The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

*Cortes v. Gladish*, 216 F. App'x 897, 899 (11th Cir. 2007).  A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) if "the failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

Another gateway through a procedural bar exists for claims of ineffective assistance of trial counsel.  If the state court did not appoint counsel in the collateral proceeding, or if collateral-review counsel was ineffective, a

petitioner may overcome procedural default by "demonstrat[ing] that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 13 (2012).

### C. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.*

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting *Richter*, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." *Id.* This is a "doubly deferential" standard of review that gives both the state court and the

6

petitioner's attorney the benefit of the doubt.  *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sealey*, 954 F.3d at 1355 (quoting *Strickland*, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021).  All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Sealey*, 954 F.3d at 1355.  And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

## Analysis

### A. Ground 1: The trial court erroneously allowed the case to proceed on a manslaughter charge

Lopez argues the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by allowing the State to proceed with a manslaughter charge after acquitting Lopez of second-degree murder.  He contends the State failed to establish why the gun went off because the eyewitness, Newcomb, did not actually see Lopez's finger pull the trigger.  He also claims the State failed to show reckless disregard for human life because no one testified Lopez pointed the gun at Plummer or otherwise threatened him.

Lopez first made this argument on direct appeal. Lopez did not seek acquittal of manslaughter at trial, nor did he object to a manslaughter jury instruction.  (*See* Doc. 10-2 at 1159).  As a result, the State argued Lopez failed to preserve the argument for appeal, so it was procedurally barred.  In Florida, "[f]or an issue to be preserved for appeal, it must have been presented to the lower court, and the specific legal argument and factual basis to be argued on appeal must have been part of that presentation." *Doorbal v. State*, 983 So. 2d 464, 499 (Fla. 2008).  The Second District Court of Appeal of Florida (2nd DCA) affirmed without a written opinion.

This Court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this

case." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *see also Kight v. Singletary*, 50 F.3d 1539, 1545 (1995).  Lopez concedes elsewhere in his petition that the argument he presents in this ground was not preserved for appeal.  It was thus procedurally barred in state court, and this Court does not assume the 2nd DCA ignored the procedural bar and rejected Lopez's argument on the merits.  Because this ground was procedurally barred in state court, it is unexhausted and procedurally barred here.

### B. Ground 2: Appellate counsel presented an ineffective argument

Special Assistant Public Defender Kevin Leisure represented Lopez  on direct appeal.  He raised one argument—the same argument Lopez raises here in Ground 1.  Lopez claims Leisure "ineffectively made the argument in spite of the fact that trial counsel failed to preserve the issue for direct appeal." (Doc. 1 at 9).  Though Lopez filed a postconviction motion alleging ineffective assistance of appellate counsel, he did not present this ground to the state court. (*See* Doc. 10-2 at 1632-97).  Ground 2 is thus unexhausted.  And because the two-year period to raise the issue in state court has elapsed, it is procedurally barred.  *See* Fla. R. App. P. 9.141(d)(5).

### C. Ground 3: Trial counsel failed to move for acquittal on manslaughter

Lopez next argues Jamindar rendered ineffective assistance at trial by failing to seek acquittal of the manslaughter charge after securing acquittal of

second-degree murder, resulting in the procedural bar of that argument.  The

state postconviction court rejected this claim:

> 11. The Court further finds that Defendant's claim is refuted by
> the record, which reflects that counsel argued extensively for JOA
> on the second degree murder charge, which the Court
> granted…After having reviewed the case law, and having heard
> arguments by the parties, the Court ruled that it would give the
> instruction on third degree felony murder or manslaughter or both,
> as appropriate because the evidence supports the lesser of those
> charges.  Throughout the discussions about the jury instructions,
> counsel for Defendant correctly argued that the third degree felony
> murder instruction would not apply, which the State conceded.
> The Court found that based on the charging process, Defendant,
> even though he is alleged to be the shooter, could end up being
> convicted on only manslaughter.  The Court notes that counsel
> argued that the shooting was an accident, and the Court did find
> that there was a dispute in the evidence as to how the gun went
> off.   The record reflects that during discussions about jury
> instructions, the Court reviewed additional case law and heard
> additional argument by the parties, and ruled that second degree
> murder still does not apply even under *Gibbs v. State*, 904 So. 2d
> 432 (Fla. 4th DCA 2005), which only left manslaughter as to the
> Defendant.  Defense counsel argued that Defendant never had the
> time to formulate an ill will, hatred or spite in this case, that the
> incident happened all in an instant, and that the second degree
> murder charge should not go to the jury.  Subsequently, the Court
> once again upheld the JOA on the second degree murder charge
> and during discussions about jury instructions, the Court heard
> argument by the parties on third degree felony murder and
> manslaughter.  Subsequently, the Court held that manslaughter
> applied to the Defendant and the jury would be instructed
> accordingly.  Further, Defense counsel's performance was not
> deficient because the Court already ruled that manslaughter
> would go to the jury.  Defendant failed to allege any facts that, if
> true, would establish either prong of *Strickland*.

(Doc. 10-2 at 1846-47).  The 2nd DCA affirmed without a written opinion.  (Doc.

10-2 at 1938).

The state postconviction court's rejection of this ground is reasonable under federal law. The court found Florida's manslaughter instruction appropriate based on the facts adduced at trial. Federal habeas courts "must defer to the state's construction of its own law" when an attorney's alleged failure turns on state law. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). Such deference is especially important when considering *Strickland* claims because they can "drag federal courts into resolving questions of state law." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020). This Court thus accepts as correct the state court's determination that the State satisfied its burden on a manslaughter charge under Florida law. What is more, the trial court did consider—and the court and attorneys discussed—what lesser-included offenses were appropriate. Although Jamindar did not move for acquittal of manslaughter, the trial court considered the issue and found the State satisfied the elements of manslaughter. A motion for acquittal of manslaughter would have been futile. An attorney cannot be deemed ineffective for failing to make a meritless motion, and Lopez was not prejudiced by its omission. Ground 3 is denied.

### D. Ground 4: Trial counsel failed to object to the manslaughter jury instruction and verdict form

Lopez argues Jamindar should have objected to the manslaughter jury instruction and general verdict form because they made it impossible to determine what theory of manslaughter the jury relied on to find Lopez guilty. Lopez raised this claim in his initial postconviction motion but not on appeal. (*See* Doc. 10-2 at 1924-34).   Under Florida law, a postconviction appellant abandons any issues he does not address in his appellate brief.  *Ward v. State,* 19 So. 3d 1060, 1061 (5th Dist. Ct. App. Fla. 2009).

To comply with the AEDPA's exhaustion requirement, a prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838 845 (1999).   Because Lopez abandoned this claim on appeal, he did not give the state courts a full opportunity to address it.   Accordingly, it is unexhausted and procedurally barred.

### E. Ground 5: Trial counsel failed to seek dismissal of the manslaughter charge

Finally, Lopez argues Jamindar should have moved to dismiss the manslaughter charge and thus give Lopez an opportunity to restructure his defense.  Lopez raised this claim in his state postconviction motion, but he abandoned it on appeal.  So for the same reasons as the preceding ground, this ground is unexhausted and procedurally barred.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Lopez has not made the requisite showing here and may not have a certificate of appealability on his Petition.

Accordingly, it is now

**ORDERED:**

Petitioner Nelson A. Lopez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 3, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

14